UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK DAMELIO, | ) |
| | ) |
| Plaintiff | ) |
| | )   2:16-cv-00607-JAW |
| v. | ) |
| | ) |
| YORK COUNTY DEPARTMENT | ) |
| OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Mark Damelio, an inmate in custody at the York County Jail, alleges that on October 10, 2016, certain conditions of his confinement were unreasonable. (Complaint, ECF No. 1.) Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted (ECF No. 6).

In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

## Standard of Review

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto*

2

to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## Background Facts

Plaintiff alleges that on October 10, 2016, Defendants required that he remain in his cell after the county jail septic system backed up and flooded his cell. Plaintiff asserts he was served a meal in his cell while these conditions existed, but he did not eat the meal because of the conditions. (Complaint at 3, ECF No. 1.) Plaintiff alleges other non-contaminated cells were available in the unit at the time. (*Id.*)

## Discussion

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney,* 509 U.S. 25, 31 (1993). "Undue suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment." *Kosilek v. Spencer,* 774 F.3d 63, 82 (1st Cir. 2014) (citing *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). Under the Eighth Amendment, prison conditions

cannot be inhumane, but they need not be comfortable. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Cruel and unusual punishment consists of the denial of "the minimal civilized measure of life's necessities" assessed based on "the contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Plaintiff has not alleged any facts to suggest the existence of an inhumane condition that denied him the minimal civilized measure of life's necessities. While unsanitary conditions of confinement can constitute cruel and unusual punishment, actionable cases involve prolonged exposure to unsanitary conditions, which exposure at minimum consisted of multiple days. *Hutto v. Finney,* 437 U.S. 678, 686 – 87 (1978) ("[T]he length of confinement cannot be ignored .... A filthy, overcrowded cell ... might be tolerable for a few days and intolerably cruel for weeks or months."); *See*, *e.g.*, *McBride v. Deer*, 240 F.3d 1287, 1292 (10th Cir. 2001) (three days in proximity to human waste without adequate cleaning supplies deemed sufficient to state a non-frivolous claim); *Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir. 1996) (affirming entry of summary judgment where plaintiff was subjected to an overflowed toilet for four days).

Plaintiff's allegation regarding his receipt of a meal under the alleged conditions does not alter the assessment. *See*, *e.g.*, *Islam v. Jackson,* 782 F. Supp. 1111, 1114 – 15 (E.D. Va.1992) (serving one meal contaminated with maggots and meals under unsanitary conditions for thirteen days was not cruel and unusual punishment, even though inmate suffered symptoms of food poisoning on one occasion); *Bennett v. Misner*, No. 3:02-cv-1662, 2004 WL 2091473, at *20, 2004 U.S. Dist. Lexis 19568, at *63 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food

4

service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation.").

In short, Plaintiff's assertion that he was served one meal while required to remain in an unsanitary cell on one day is insufficient to sustain an actionable claim. Accordingly, dismissal is appropriate.

## Conclusion

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of February, 2017.